NOT FOR PUBLICATION                                    (Doc. Nos. 25, 35)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| _____ | : | |
| JENNIFER TRONCONE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-2961 (RBK/AMD) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| EFTHEMIOS VELAHOS, NANCY | : | |
| VELAHOS, THE VELAHOS  LAW | : | |
| FIRM and the NATIONAL | : | |
| FORECLOSURE CONSULTANT | : | |
| GROUP, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**KUGLER**, United States District Judge:

   This matter comes before the Court on the motion of Plaintiff Jennifer Troncone for

reconsideration of the Court's July 28, 2011 Order denying certification to a proposed

collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 et seq., and dismissing a proposed class action pursuant to Federal Rule of Civil

Procedure 23 and the New Jersey State Wage and Hour Law ("NJWHL"). Since Plaintiff has

demonstrated that there has been an intervening change in the controlling law, Plaintiff's motion

for reconsideration is granted. Accordingly, the Court may exercise jurisdiction over Plaintiff's

NJWHL state law claim. However, Plaintiff's original motion for class certification pursuant to

Federal Rule of Civil Procedure 23 is denied.

   In addition, Plaintiff's motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss

Defendant's counterclaim for unjust enrichment against Plaintiff Troncone, and Defendant's counterclaim for unjust enrichment, fraud, and conspiracy against Gail Cawley et. al., is granted. Plaintiff's motion to dismiss Defendant's counterclaim for unjust enrichment and fraud against Jerry Lanz is denied.

## I. BACKGROUND[1]

Plaintiff Jennifer Troncone was a sales representative between July 2009 and February 2010 at the National Foreclosure Consulting Group ("NFC"). Defendant Efthemios Velahos is an attorney licensed to practice law in New Jersey, and operates the Velahos Law firm with his wife, Defendant Nancy Velahos. NFC advertises to the public that "for a fixed fee of several thousand dollars," NFC can delay or prevent mortgage foreclosure. (Compl. ¶ 10, 11). NFC employs sales representatives who market these services to the public and initiate the mortgage modification process with their clients. The Complaint alleges that NFC promised the sales representatives a commission of twenty-five percent of the fees they brought in to the company through this process.

Plaintiff's Complaint, filed on June 10, 2010, alleges that Defendants failed to pay her and other similarly situated employees (1) minimum wage, (2) overtime, and (3) "the full salary or commissions that they were promised." (Id. at 3, ¶ 18). Allegedly, Defendants violated the FLSA and the NJWHL by failing to pay Plaintiff and other similarly situated employees minimum wage for all hours worked and for failing to tender overtime pay at one and one-half times their regular rate of pay for all hours worked over forty in a week. (Id. at 1, ¶ 1). In addition, Plaintiff states that "[i]n or around October or November of 2009, the Defendants wrongfully designated Plaintiff and other employees as independent contractors and stopped

---

[1] A detailed account of the facts can found in <u>Troncone v. Velahos</u>, No. 10-2961, 2011 WL 3236219, at *2-4 (D.N.J. 2011), and is incorporated herein.

withholding taxes and stopped paying [Defendants'] share of wage withholdings such as social security and medicare." (Id. at 4, ¶ 22).

Plaintiff served the Summons and Complaint upon all Defendants on June 17, 2010. Defendants failed to answer within twenty-one days as required by Federal Rule of Civil Procedure 12(a), and the Clerk subsequently made an entry of default on August 18, 2010. On February 22, 2011, Plaintiff moved (1) to certify an FLSA "opt-in" collective action, and a Rule 23 "opt-out" class action pursuant to the NJWHL, and (2) for entry of default judgment with regards to all claims against Defendants. Plaintiff's proposed "opt-in" class consists of "all sales representatives that worked for Defendants [sic] mortgage modification business." (Pl.'s Br. at 9). Defendants opposed Plaintiff's motion.

On July 28, 2011, the Court dismissed Plaintiff's NJWHL claim. Following this decision, on December 21, 2011, Defendant submitted an Answer, and counterclaimed against Plaintiff Troncone and former employees Gail Cawley and Jerry Lanz, as well as against several potential defendants.

## II. MOTION FOR RECONSIDERATION

Both Plaintiff's state law claim and the FLSA claim allege that Defendants failed to pay Plaintiff and similarly situated employees minimum wage and overtime. The Court found that this was a conflict between the "opt-in" FLSA and "opt-out" state law regimes, and declined to exercise supplemental jurisdiction over the state law claim. Plaintiff now moves for reconsideration of the Court's dismissal of Plaintiff's NJWHL claims in light of an intervening change in the controlling law.

**A. Standard**

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the court on matters which it believes the court overlooked when it ruled on the motion. Church & Dwight Co. v. Abbott Labs, 545 F. Supp. 2d 447, 449 (D.N.J. 2008). "The standard for [reconsideration] is quite high, and reconsideration is to be granted only sparingly." United States v. Jones, 159 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J. 1986)). To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration may be granted when an intervening change in the law plainly affects the original judgment entered by the Court. Upon reconsideration, the Court may determine the extent to which the newly issued decision from a court of controlling authority governs the issue, and whether the Court's prior ruling should be affirmed, vacated, or modified. Pittston Co. v. Sedgwick James of New York, Inc., 971 F. Supp. 915, 919 (D.N.J. 1997).

Although the Court's original judgment may be affirmed, the motion for reconsideration will still be granted where new law has not been considered. Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). Decisions in cases not binding on the Court are rarely considered an intervening change in the law. Holten v. Chevron U.S.A., 2001 U.S. Dist. LEXIS 17600 (D.N.J. Oct. 3, 2001). Likewise, entries of binding precedent that clarify but do not alter

the existing law do not constitute an intervening change. Ivan v. Cnty. of Middlesex, 612 F. Supp. 2d 546 (D.N.J. 2009).

**B. Discussion**

Plaintiff's motion for reconsideration relies on an intervening change in the controlling law. Specifically, Plaintiff argues that the Third Circuit determined that there was no conflict between the "opt-in" mechanism for collective action under the FLSA and the "opt-out" mechanism in state law class actions governed by Rule 23 in Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012). (Pl.'s Ltr. Br. at 1). Indeed, the Third Circuit's decision in Knepper contradicts this Court's reasoning for denying supplemental jurisdiction over Plaintiff's NJWHL claim, in its July 28, 2011 Opinion. Accordingly, the Court grants the motion for reconsideration and reconsiders its prior Opinion in light of Knepper.

## II. SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S NJWHL CLAIM

In its opinion dismissing Plaintiff's NJWHL claim, the Court held that a conflict existed between the "opt-in" mechanism created by the FLSA and the "opt-out" mechanism created by Federal Rule of Civil Procedure 23. Although 28 U.S.C. § 1367(a) grants district courts the authority to exercise supplemental jurisdiction over state law claims when such claims are "so related to [the plaintiff's federal] claims . . . that they form part of the same case or controversy," a court "may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Thus, in its July 2011 Opinion in the instant case, this Court determined that such a conflict constituted a "compelling reason" for declining to exercise supplemental jurisdiction under § 1367(c)(4) because Plaintiff's FLSA and NJWHL claims contained identical allegations. Some courts have deemed this conflict evidence of an "inherent incompatibility,"

meaning that the opt-in scheme for the FLSA and the opt-out scheme of the NJWHL oppose each other irreconcilably and thus preclude a district court's extension of jurisdiction over the state law claim. Herring v. Hewitt Associates, Inc., 2006 WL 2347875, at *2 (D.N.J. 2006).

However, on March 27, 2012, after Plaintiff's NJWHL claim was dismissed, the Third Circuit decided Knepper. In Knepper, the Court of Appeals determined that federal jurisdiction over class actions asserting claims under state statutory wage and overtime laws paralleling the FLSA is not precluded, on an "inherent incompatibility" theory, by a separately-filed opt-in collective action under the FLSA. 675 F.3d at 249. The Knepper Court cited Ervin v. OS Restaurant Services, Inc., 632 F.3d 971 (7th Cir. 2011), to support extending supplemental jurisdiction over state wage and hour claims arising from the same set of circumstances as a FLSA claim. Id. at 261. In Ervin, the Seventh Circuit had emphasized that the FLSA is not a statute that expressly or impliedly limits supplemental jurisdiction. 632 F.3d at 980, 981. Accordingly, the Ervin Court found, it is 28 U.S.C. § 1367(c), and not the FLSA, that sets out the circumstances in which a district court can decline to exercise supplemental jurisdiction. Id.

In light of the intervening law, this Court will exercise supplemental jurisdiction over Plaintiff's state class action under the NJWHL, pursuant to 28 U.S.C. § 1367. As Knepper explains, the "inherent incompatibility" theory may no longer be grounds for declining to exercise supplemental jurisdiction over the parallel state law claim.

Therefore, absent the conflict posed by the "inherent incompatibility" theory, a district court must analyze whether a plaintiff may bring an FLSA collective action and a state law class action for the same conduct in federal court "through the lens of supplemental jurisdiction." Woodard v. FedEx Freight East, Inc., 250 F.R.D. 178, 182 (W.D. Pa. 2008). Here, the exercise of jurisdiction over Plaintiff's FLSA and NJWHL claims is proper under 28 U.S.C. § 1367. In its

July 28, 2011 Opinion in this matter, this Court stated that the requirements for supplemental jurisdiction over Plaintiff's state law claims were satisfied, because both Plaintiff's FLSA and NJWHL claims allege that Defendants failed to pay Plaintiff and other similarly situated employees minimum wage and overtime. Accordingly, since Plaintiff's claims under the FLSA and the NJWHL are connected by a common nucleus of operative fact, the Court may exercise supplemental jurisdiction over Plaintiff's NJWHL claim under § 1367(a).

## IV. CERTIFICATION OF PLAINTIFF'S PROPOSED CLASS ACTION UNDER TO RULE 23

Plaintiff seeks class certification under Rule 23 on behalf of all sales representatives that worked for Defendants' mortgage modification business. (Pl.'s Br. at 9). In order to qualify for class certification under Rule 23, a plaintiff must satisfy the four elements set out in Rule 23(a), and the requirements of one of the three subsections in Rule 23(b). Bell v. Lockheed Martin Corp., No. 08-6292, 2011 WL 6256978, at *2 (D.N.J. Dec. 14, 2011) (citing In re Constar Int'l Inc. Sec. Litig., 585 F.3d 774, 776 (3d Cir. 2009)).

Rule 23(a) provides that class certification may be proper if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.
Fed.R.Civ.P. 23(a).

Plaintiff seeks certification pursuant to subsection (b)(3), which provides for certification if:

[T]he questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

      (B) the extent and nature of any litigation concerning the controversy already begun by
          or against class members;
      (C) the desirability or undesirability of concentrating the litigation of the claims in the
          particular forum; and
      (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3).

      A plaintiff bears the burden of demonstrating that Rule 23's requirements are met by a preponderance of the evidence, and the district court "must make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties." In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 306 (3d Cir. 2008).

      Class certification presupposes the existence of an actual class. White v. Williams, 208 F.R.D. 123, 129 (D.N.J. 2002). The class may not be "amorphous, vague, or indeterminate" and it must be "administratively feasible to determine whether a given individual is a member of the class." Id. A putative class is not appropriate for certification if class membership would "require fact-intensive mini-trials." Id. (quoting Solo v. Bausch & Lomb Inc., 2009 U.S. Dist. LEXIS 115029, at *14 (D.S.C. 2009)).

**A. Numerosity**

      There is no specific threshold number needed to satisfy the numerosity requirement; instead, the individual facts of a given case must be examined. Gen. Tel Co. of the Nw., Inc. v. Equal Emp't Opportunity Comm'n, 446 U.S. 318, 330 (1980). In the Third Circuit, a plaintiff who demonstrates that the potential number of plaintiffs exceeds 40 satisfies the numerosity requirement. Stewart v. Abraham, 275 F.3d 220 (3d Cir. 2001) (citing 5 James Wm. Moore et al., Moore's Federal Practice § 23.22[3][a] (3d ed. 1999)). The moving party must proffer evidence of the number of members in the purported class, or at least a reasonable estimate of that number. 5 James Wm. Moore et al., Moore's Federal Practice §23.22[3][a] (3d ed. 1999).

Additionally, the party seeking certification may not rely on conclusory allegations that joinder would be impracticable, or on mere speculation regarding the size of the class. Id.

Plaintiff argues that there is sufficient numerosity to warrant class certification. (Pl.'s Br. in Support of Certification, 9-10). However, Plaintiff has not established that class certification is required because joinder of all the members of its proposed class is impracticably inconvenient or difficult. Although the absence of complete information on the size of the class does not preclude the possibility of class certification, plaintiff has only identified 25 to 27 individuals on whose behalf Plaintiff would bring suit. (Pl.'s Br. in Support of Certification, 10). Plaintiff assumes that 30 additional individuals worked for Defendants because of an apparent likelihood of high turnover. Id. at 10. However, the Court cannot rely on this assumption without further evidence. Id. Plaintiff's argument in the Reply Brief failed to clarify the number of potentially similarly situated plaintiffs. (Pl.'s Reply Br. in Support of Certification, 5-6). For these reasons, Plaintiff fails to meet the numerosity requirement. Cf., In re Philips/Magnavox TV Litig., 2012 U.S. Dist. LEXIS 67287, at *11 (finding that 291,000 potential class members satisfied the requirement); Alderfer v. Clemens Mkts., Inc., 2012 U.S. Dist. LEXIS 54650, at *9 (finding numerosity satisfied with 450 class members); New Jersey Thoroughbred Horsemen's Ass'n v. Alpen House U.L.C., 2012 U.S. Dist. LEXIS 35124, at *3 (finding that at least 41 putative class members satisfied the requirement). Because of each of Rule 23's requirements must be met in order for class certification to be granted, the Court need not analyze the other requirements of a class action at this time. Therefore, Plaintiff's motion to certify the Rule 23 class action is denied.

## IV. PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Plaintiff, pursuant to Federal Rule of Civil Procedure 12(b)(1), moves to dismiss Defendant Efthemios Velahos' December 21, 2011 counterclaims for lack of subject matter jurisdiction. E.Velahos raises counterclaims against Plaintiff Jennifer Troncone for unjust enrichment, allegedly arising from an unauthorized mortgage modification Troncone had for her own home.

Defendant E. Velahos also raises counterclaims against Gail Cawley and additional potential defendants[2] for unjust enrichment, fraud, and conspiracy. Defendant alleges that Cawley and others misappropriated NFC client funds and files while in the employ of NFC. Finally, E. Velahos raises counterclaims against former employee Jerry Lanz for unjust enrichment and fraud. E. Velahos alleges that Lanz fraudulently obtained commissions during his time at NFC.[3]

### A. Subject Matter Jurisdiction

Plaintiff in the instant case moves to dismiss Defendant's counterclaims under Rule 12(b)(1), arguing that there is no subject matter jurisdiction over Defendant's counterclaims under 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Plaintiff is correct in asserting that the Court does not have subject matter jurisdiction over Defendant's counterclaims against Plaintiff Troncone

---

[2] Defendant counterclaims against Gail Cawley for conspiracy with "additional potential defendants Serpico Crespo, Eric Cuena and William Johnson, the Hamp Group and John and Jane Does 1-20." (Def.'s Ans. at 19, ¶¶ 1- 7).

[3] Cawley and Lanz are not named plaintiffs in this case; nor are they class members pursuant to Federal Rule of Civil Procedure 23. However, this Court's July 28, 2011 Opinion grants Conditional Certification to Plaintiff's proposed class for an FLSA collective action. This proposed class includes Cawley and Lanz, who also provided certifications in support of the class. As a result, Defendant's claims against Cawley and Lanz are appropriate in their current form as counterclaims, because Cawley and Lanz are part of an opposing party. Fed.R.Civ.P. (13)(b).

and Gail Cawley. Accordingly, Plaintiff's motion to dismiss for lack of subject matter jurisdiction is granted with respect to those claims.

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of persuasion rests with the party bringing the claim when subject matter jurisdiction is challenged under Rule 12(b)(1). Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In considering a motion to dismiss for lack of subject matter jurisdiction, "the person asserting jurisdiction bears the burden of showing that the case is properly before the Court at all stages of the litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed'l Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

### 1. Permissive Counterclaims

Under Federal Rule of Civil Procedure 13, a district court has subject matter jurisdiction over a compulsory counterclaim if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Chen v. Century Buffet and Restaurant, 2011 WL 2600715 at *2 (D.N.J. 2011). A district court, however, does not automatically have jurisdiction over a permissive counterclaim, which requires a separate jurisdictional basis. Aldens, Inc., v. Packel, 524 F.2d 38 (3d. Cir. 1975). "A permissive counterclaim is broadly defined to include any claim that is not compulsory." Chen, 2011 WL 2600715 at *1 (D.N.J. 2011) (internal quotation marks omitted) (quoting Fed.R.Civ.P. 13(b)). Defendant Efthemios Velahos' counterclaims for unjust enrichment do not arise out of the same transaction or occurrence that is the subject matter of Plaintiff's claim of violations of the FLSA and NJWHL (i.e., failure to pay overtime, minimum

wage, and promised commissions). Accordingly, the counterclaims are not compulsory, and require an independent basis for subject matter jurisdiction.

2. Diversity and Federal Question Jurisdiction

A district court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332; "federal question" jurisdiction under 28 U.S.C. § 1331; or jurisdiction supplemental to the original claim under 28 U.S.C. § 1367. Both Defendant Efthemios Velahos and Plaintiff are citizens of New Jersey, and therefore the Court cannot extend subject matter jurisdiction based on diversity of the parties under 28 U.S.C. § 1332. Defendant's claims, additionally, are grounded in state common law, and contain no "federal question" as required under 28 U.S.C. § 1331.

**B. Supplemental Jurisdiction**

Plaintiff also argues that there is no supplemental jurisdiction under 28 U.S.C. § 1367(a). Plaintiff is correct with regards to the first and third counterclaim; however, jurisdiction over Defendant's second counterclaim against Lanz is appropriate pursuant to 28 U.S.C. § 1367.

Where there is an absence of independent subject matter jurisdiction, a court may extend supplemental jurisdiction over claims that lack an independent basis of jurisdiction if those claims "are so related to claims" within the court's jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. The rule applies even to claims asserted by or against additional parties. HB General Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1197 (3d Cir. 1996). Thus, the primary question is whether Defendant's counterclaims are "so closely related to [Plaintiff's claims] that they form part of the same case or controversy . . . . " Id. at 1198. Courts generally construe § 1367 to indicate that a claim is part of the same case or controversy if they share significant factual elements. Id. (citing

12

Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991) ("Claims are part of the same

constitutional case if they derive from a common nucleus of operative fact . . . .") (quoting United

Mine Workers v. Gibbs, 383 U.S. 715 (1966) (internal quotation marks omitted)). Supplemental

jurisdiction extends to counterclaims made by the Defendant if such claims satisfy this same test.

HB General Corp., 95 F.3d at 1185 (3d Cir. 1996).

      The Third Circuit has held that supplemental jurisdiction is proper if the claims derive

from a common nucleus of operative fact. Lyons v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995). If

the claim satisfies this requirement, a district court must then inquire as to whether the claims are

such that the party would ordinarily be expected to try them all in a single judicial proceeding.

Id. In Lyons, the Third Circuit ruled that supplemental jurisdiction over the plaintiff's state law

claim was inappropriate because the only nexus between the state and federal claims was the

employer/employee relationship, rather than the conduct underlying the claims. Id. at 764. The

court also observed that there was so little overlap between the evidence for the state claim and

the federal claim that there was no "common nucleus of operative fact" justifying supplemental

jurisdiction. Id. at 763.

### 1. Defendant's Counterclaims Against Troncone and Cawley

      Defendant's allegations against Troncone and Cawley are not sufficiently factually

related to Plaintiff's claims. Accordingly, the Court cannot exercise supplemental jurisdiction

over them pursuant to 28 U.S.C. § 1367. To substantiate these counterclaims, Defendant would

need additional evidence, as there is little evidentiary overlap between the counterclaims and

Plaintiff's original claim. The only connection between the original claim and the counterclaims

is the employee/employer relationship, which does not satisfy the test for supplemental

jurisdiction under 28 U.S.C. § 1367. See Lyons, 45 F.3d at 760 (3d Cir. 1995). Further, the conduct underlying the counterclaims differs from the conduct in Plaintiff's original claim.

In the counterclaim against Plaintiff Troncone for unjust enrichment, Defendant alleges that the plaintiff engaged in fraudulent, illegal, and reckless conduct. (Def.'s Ans. at 12-13). Specifically, Defendant claims that Plaintiff received a mortgage modification for her own home without paying NFC for the file, and without authorization. (Def.'s Ans. at 14, ¶ 8). As a result of Plaintiff's alleged behavior, Defendant's account privileges at TD Bank in Woodbury, NJ, were terminated in January 2010, and Defendant was forced to "borrow funds, liquidate assets, and literally make cash payments to third parties." (Def.'s Ans. at 15, ¶ 9). Defendant's counterclaim against Plaintiff Troncone for unjust enrichment is not related to Plaintiff's claim outside of their employer/employee relationship. Troncone's alleged mortgage modification bears no relationship with Defendant's alleged violation of state and federal wage laws.

Defendant also counterclaims against Gail Cawley for unjust enrichment, fraud, and alleged conspiracy with potential defendants. Defendant's claim against Cawley et al. centers on the allegation that Cawley and potential counterclaim defendants were engaging in theft and the removal of "NFC proprietary information" (Def.'s Ans. at 21). As with the counterclaim against Troncone, the conduct underlying this claim is unrelated to the original state and federal wage claims brought by the plaintiff, and is dismissed.

## 2. Defendant's Counterclaims Against Lanz

The Court has supplemental jurisdiction over Defendant's second counterclaim of unjust enrichment against Plaintiff Lanz. Defendant alleges that Lanz, a commissioned salesperson, was paid $1,400.00 of unearned, fraudulently obtained commissions. (Def.'s Ans. at 18, ¶¶ 3, 4). Lanz states that he was hired by NFC as a commissioned salesperson, and was promised 25% of

the fee from each sale he made. (Certification of Jerry Lanz, ¶¶ 3, 17-19). Lanz also alleges that, upon termination, he was still owed an additional $4,328.48 in unpaid commissions by Defendant NFC Group. Id. at 4, ¶ 38. This dispute was heard by the New Jersey Department of Labor, and a default judgment was entered against Defendant after Defendant failed to attend a hearing on August 10, 2010. Id. at 4, ¶ 44. It appears that Defendant's counterclaim regarding Lanz's commissions arises from Defendant's course of conduct regarding the promise of commissions to employees. This is sufficiently factually related for the Court to exercise supplemental jurisdiction over Defendant's counterclaim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the July 28, 2011 order dismissing the NJWHL claim is **GRANTED**. However, class certification of the NJWHL claim is **DENIED**. In addition, Plaintiff's motion to dismiss Defendant's unjust enrichment counterclaim against Plaintiff Troncone, as well as Defendant's counterclaims for unjust enrichment, fraud, and conspiracy against Gail Cawley, is **GRANTED**. Finally, Plaintiff's motion to dismiss Defendant's counterclaim against Jerry Lanz for unjust enrichment and fraud is **DENIED**. An accompanying Order shall issue today.


Dated:  7/23/2012                                    _/s/ Robert B. Kugler  __
                                                     ROBERT B. KUGLER
                                                     United States District Judge